IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN STATES PAVING CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> THE WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, <br><br> Defendant | Case No. C00-5204 RBL <br><br> ORDER DENYING PLAINTIFFS' MOTION TO AMEND |

This matter comes before the Court on Plaintiff's Motion to Amend its Complaint [Dkt. #195]. Plaintiff seeks to claim damages related to six lost subcontracts in addition to the three specifically identified in its (First) Amended Complaint. The Plaintiff has clarified that it does not seek to resurrect claims against entities that have been previously dismissed.

The remaining defendant, the State of Washington, opposes amendment as tardy, prejudicial and futile. The State points out the lengthy time line of this litigation, and argues that as recently as late February 2007 the Plaintiff had confirmed that its damages related solely to the three identified contracts.

It also argues that amendment would be futile because the six subcontracts sought to be added to the complaint were awarded and performed more than three years ago, and any §1983 claim arising from them is time barred.

Under Fed. R. Civ. P. 15, leave to amend a pleading is to be "freely given when justice so requires." As the state emphasizes, this liberal standard does not mean that amendment is always permitted. In deciding whether the grant a motion to amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). See also *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Jacobson v. Rose*, 592 F.2d 515 (9th Cir. 1976).

There is no evidence or allegation of bad faith here. However, the claims sought to be added relate to six additional subcontracts the Plaintiff did not receive, allegedly due to the MBE set aside requirements under TEA-21. Four of these contracts went to other entities in 2001, one in 2002, and the other in 2004. As the State points out, all of these claims were known to the Plaintiff long before the substantial discovery and motion practice in this case, and the State retained and prepared experts based on (only) the three contracts at issue since the First Amended Complaint.

Thus, the State argues persuasively that the proposed amendment comes too late, and the State would be unfairly prejudiced by permitting the Plaintiff to significantly increase both the number contracts and the damage amount at issue.

The Plaintiff's Reply argues that the State's claimed prejudice is illusory because the parties had, independent of the Motion to Amend, considered stipulating to a continuance of the trial date. The State responds that the conflict which led to that discussion will not result in a formal request for a continuance.

In any event, delaying further the trial date in this lengthy case would not resolve the final flaw in Plaintiff's proposed amendment, the fact that the contracts sought to be added were awarded to MBEs more than three years prior to the date of the Motion to Amend. Accordingly, the claims sought to be added are time barred, and amendment would be futile.

The Motion to Amend [Dkt. #195] is therefore DENIED.


DATED this 14th day of May, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE